```
      IN THE UNITED STATES DISTRICT COURT
   FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**DIANA MEY, individually and on
behalf of a class of all persons
and entities similarly situated,**

      **Plaintiff,**

**v.**                //   CIVIL ACTION NO. 5:11CV90
                                (Judge Keeley)

**MONITRONICS INTERNATIONAL, INC.,
VERSATILE MARKETING SOLUTIONS, INC.,
doing business as VMS Alarms, and
UTC FIRE AND SECURITY AMERICAS
CORP., INC.,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

For the reasons discussed below, during a hearing on January 17, 2012, the Court **GRANTED** the motion of the plaintiff, Diana Mey ("Mey"), to file a second amended complaint and **DENIED** her motion to strike the offer of judgment of the defendant, Versatile Marketing Solutions, Inc. ("VMS").

### I.

On May 18, 2011, Mey filed a putative class action in the Circuit Court of Ohio County, West Virginia, against the defendants Monitronics International, Inc. ("Monitronics"), UTC Fire and Security Americas Corp., Inc. ("UTC"), and VMS. In her complaint, Mey alleged that the defendants had violated the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227, by making

**MEY V. MONITRONICS INTERNATIONAL, ET AL.**               **5:11CV90**

**MEMORANDUM OPINION AND ORDER**

unlawful telephone solicitations. After the defendants removed the case to this Court on June 24, 2011, Mey filed a first amended complaint on July 15, 2011 (dkt. no. 13). Following initial discovery, Mey moved for leave to file a second amended complaint (dkt. no. 88), which the Court **GRANTED** on January 17, 2012. Mey then filed her second amended complaint on February 16, 2012 (dkt. no. 100).

According to Mey, in attempting to sell home alarm systems on behalf of UTC and monitoring services on behalf of Monitronics, VMS violated the TCPA by calling persons whose numbers were on the Federal Trade Commission's ("FTC") "Do Not Call Registry," and by using an autodialer to contact mobile phones. Because the TCPA imposes penalties on both the caller and the entity on whose behalf the calls are made, Mey is seeking statutory damages from each defendant for both willful and negligent violations. She also is seeking an injunction to prevent further violations and preserve the defendants' records of their telemarketing calls to potential class members.

On November 4, 2011, VMS sent the plaintiff a $30,000 offer of judgment pursuant to Fed. R. Civ. P. 68, offering to compensate her for all available statutory penalties if she would drop her claims against Monitronics and UTC (dkt. no. 66-1). If Mey failed to

accept the offer of judgment within fourteen days and ultimately received a less favorable judgment at trial, under Fed. R. Civ. P. 68 she would be required to compensate VMS for all litigation costs it incurred after the offer.

Mey did not accept VMS's offer. Rather, on November 16, 2011, she moved to strike its offer of judgment as an improper attempt to "pick off" the named plaintiff in this putative class action (dkt. no. 66). Mey argues that VMS may not employ an offer of judgment in the context of a Rule 23 class action because the threat of liability for a defendant's litigation costs injects an improper conflict of interest between a named plaintiff such as herself and any unnamed class members who would be left to re-file their complaints should she accept the offer of judgment. VMS contends that, not only does Rule 68 authorize defendants to make an offer of judgment to the named plaintiff in a class action, but also, under that rule's provision that an "unaccepted offer is considered withdrawn," there is nothing on the record for the Court to strike.

## II.

At least fourteen days before the date set for trial, a defendant may serve on an opposing party an offer to allow judgment against it pursuant to specified terms. Fed. R. Civ. P. 68(a). If the opposing party fails to accept the offer within fourteen days,

the offer is considered withdrawn. Fed. R. Civ. P. 68(b). Should the opposing party ultimately obtain a judgment less favorable than the unaccepted offer, it is obligated to pay the costs the defendant incurred after making the offer. Fed. R. Civ. P. 68(d). Therefore, an offer of judgment prompts both parties to the lawsuit to evaluate the risks and costs of litigation as balanced against the likelihood of success at trial. As the Supreme Court has explained, the "plain purpose of Rule 68 is to encourage settlement and avoid litigation." Marek v. Chesny, 473 U.S. 1, 5 (1985).

### III.

Although nothing in the Federal Rules states as much, Mey argues, and some courts have held, that a Rule 68 offer of judgment is inappropriate in the context of a class action. See, e.g. Zeigenfuse v. Apex Asset Mgmt., LLC, 239 F.R.D. 400, 403 (E.D. Pa. 2006); Janikowski v. Lynch Ford, Inc., No 98-8111, 1999 WL 608714 (N.D. Ill. Aug. 5, 1999). Mey asserts that VMS's offer was a "pick off" attempt to persuade her, as the named plaintiff, to abandon the remaining class members. This strategy, she argues, forces the plaintiff to choose between furthering her own interests by accepting the offer, or advancing the interests of the entire class by rejecting the offer and exposing herself to the risk of paying the defendant's costs. Mey contends that such an effect undermines

**MEY V. MONITRONICS INTERNATIONAL, ET AL.**                    **5:11CV90**

**MEMORANDUM OPINION AND ORDER**

Rule 23's salutary purpose of aggregating similar claims into a single efficient action, and she urges the Court to strike VMS's offer of judgment on the basis that Rules 68 and 23 cannot coexist.

The few courts that have addressed this issue have reached disparate conclusions. Some courts have held that a defendant may not make a Rule 68 offer of judgment to a class action plaintiff for the same reasons now advanced by Mey. See, e.g. Zeigenfuse, 239 F.R.D. at 403; Janikowski, 1999 WL 608714, at *2. Others have refused to strike such an offer of judgment, finding, as VMS has argued here, that there is nothing on the record to strike. See, e.g. Stovall v. Suntrust Mortg., Inc., No. RDB-10-2836, 2011 WL 4402680, at *5 (D. Md. Sept. 20, 2011); Buechler v. Keyco, Inc., No. WDQ-09-2948, 2010 WL 1664226, at *3 (D. Md. April 22, 2010); McDowall v. Cogan, 216 F.R.D. 46, 49 (E.D.N.Y. 2003).

**A.**

Mey asks the Court to adopt the reasoning in Zeigenfuse, which struck a defendant's offer of judgment "to prevent it from undermining the use of the class action device." 239 F.R.D. at 403. In Zeigenfuse, a defendant to a putative class action made the named plaintiff an offer of judgment equivalent to the maximum available statutory damages. In rejecting such a procedural maneuver, the district court reasoned that, if allowed to stand,

5

**MEY V. MONITRONICS INTERNATIONAL, ET AL.**             **5:11CV90**

**MEMORANDUM OPINION AND ORDER**

the offer would effectively thwart the class action and deny the possibility of obtaining relief to potential class members whose claims might be too small to pursue individually. Id. at 401. As the court stated, the defendant's offer of judgment constituted an impermissible "attempt to inject a conflict of interest between [the named plaintiff] and those she seeks to represent." Id. at 403.

    Zeigenfuse relied heavily upon the reasoning articulated by the Third Circuit in Weiss v. Regal Collections, 385 F.3d 337 (3d Cir. 2004). Weiss held that a Rule 68 offer of judgment made before class action certification did not render moot a class representative's claim. Prior to class action certification, the defendants in Weiss served an offer of judgment for the entire amount of the plaintiff's claims. Because the named plaintiff was the only adverse party at the moment, and because the defendants were willing to settle with that sole plaintiff, the defendants argued that no controversy remained and the case should be considered moot.

    In rejecting that argument, the Third Circuit stated that "allowing the defendants here to 'pick off' a representative plaintiff with an offer of judgment less than two months after the complaint is filed may undercut the viability of the class action

**MEY V. MONITRONICS INTERNATIONAL, ET AL.**                         **5:11CV90**

**MEMORANDUM OPINION AND ORDER**

procedures and frustrate the objectives of this procedural mechanism for aggregating small claims." Id. at 344. It further explained that, although an offer of complete relief will generally moot a plaintiff's claim, such is not the case when the offer is made to an individual plaintiff in a class action. Id. at 342.

The court in Weiss observed that "the Federal Rules of Civil Procedure are designed to be interdependent" and that Rule 68 must be interpreted in harmony with Rule 23, which is intended to "permit the plaintiffs to pool claims which would be uneconomical to litigate individually." Id. at 342, 344 (quoting Phillips Petroleum v. Shutts, 472 U.S. 797, 809 (1985)). Allowing a defendant to "pick off" individual plaintiffs at an early stage by mooting their claims with offers of judgment would both disrupt the aggregating role of Rule 23 as well as Rule 68's purpose of avoiding protracted litigation. Id. at 344. Therefore, the defendant's pre-certification offer of judgment did not moot the putative class representative's claims so long as there was no undue delay in the filing of a motion for class certification. Id. at 348.

Although Weiss never ordered that an offer of judgment be stricken, the court in Zeigenfuse expanded on Weiss's holding and concluded that defendants could not make offers of judgment to

putative class representatives in most circumstances: "Rule 68 cannot be invoked to shift costs where a plaintiff has filed a class action complaint unless the motion for class certification is unduly delayed." Zeigenfuse, 239 F.R.D. at 403.

Zeigenfuse, in effect, recognized an unwritten exception to Rule 68 prohibiting offers of judgment in the context of class actions. In reaching this conclusion, the court acknowledged that its view had not been universally accepted by the few district courts that had confronted the issue. Id. at 402-03 (citing McDowall, 216 F.R.D. at 52). While Janikowski struck an offer of judgment on the ground that it created an impermissible conflict between the named plaintiff and the putative class, the court in McDowall denied a motion to strike an offer of judgment because there was "nothing to strike." McDowall, 216 F.R.D. at 52; Janikowski, 1999 WL 608714, at *2. Concluding that "[f]ollowing McDowall would allow the defendant to achieve what Weiss seems to forbid," the court in Zeigenfuse adopted the reasoning in Janikowski. Zeigenfuse, 239 F.R.D. at 403.

**B.**

VMS does not read Weiss to forbid defendants from making offers of judgment to class representatives, and urges the Court to follow the reasoning of McDowall, where the district court

8

**MEY V. MONITRONICS INTERNATIONAL, ET AL.**                         **5:11CV90**

**MEMORANDUM OPINION AND ORDER**

acknowledged the perceived incompatibility of Rules 68 and 23, but concluded that the apparent conflict is not irreconcilable. 216 F.R.D. at 49-50. McDowall explained that Rule 68 permits a defendant to make an offer of judgment to an "adverse party," who, in a class action, is the indivisible class, not the individually named plaintiff:

> [W]hereas the adverse party prior to class certification "consisted previously of a single plaintiff, it is now [after certification] comprised of dozens, scores, or even hundreds of individuals." . . . Following this logic, . . . an offer of judgment made to a named plaintiff prior to class certification "disappears" once the class is certified.

Id. at 50 (citing Kremnitzer v. Cabrera & Rephen, P.C., 202 F.R.D. 239, 243-44 (N.D. Ill. 2001)). Thus, it concluded that an offer of judgment made only to the class representative is without force because it is not an offer to the adverse party.

McDowall also stated that this rule applies equally to offers of judgment made to a named plaintiff prior to class certification. Observing that, under Rule 23(e), for the purposes of settlement or compromise, courts "must presume that a class action is 'proper,'" even prior to class certification, id. (citing Phila. Elec. Co. v. Anaconda Am. Brass Co., 42 F.R.D. 324, 326 (E.D. Pa. 1967)), the court concluded that a defendant wishing to make an offer of judgment before class certification must make the offer to the

9

**MEY V. MONITRONICS INTERNATIONAL, ET AL.**                              **5:11CV90**

**MEMORANDUM OPINION AND ORDER**

putative class as the proper adverse party: "If it makes its offer only to the class representative, it cannot then seek to impose costs on him after judgment is rendered pursuant to Rule 68, as it will not have directed its offer to the proper offeree." Id. at 51. The court explained that this resolution avoids any friction between Rules 68 and 23 because it obviates the potential conflict of interest between a named plaintiff and the putative class.

McDowall ultimately denied the motion to strike an offer of judgment because, as the defendant had not made a demand for costs upon the plaintiff, there was "nothing to strike." Id. at 52. Moreover, it surmised that, even were it possible to strike a document not yet filed, there would be "no point in striking defendants' offer, as it has no legal significance" because it was not made to the proper adverse party. Id.

Since the decision in McDowall, other district courts in the Fourth Circuit have followed its approach. For example, in Buechler, the court denied the motion to strike an offer of judgment on the ground that there was "nothing to strike." 2010 WL 1664226, at *3. Because Rule 68(b) states that "[e]vidence of an unaccepted offer is not admissible except in a proceeding to determine costs," the court concluded that it would constitute an advisory opinion to address the plaintiff's motion before the

**MEY V. MONITRONICS INTERNATIONAL, ET AL.**                    **5:11CV90**

**MEMORANDUM OPINION AND ORDER**

defendant filed its unaccepted offer of judgment. Id.; see also Stovall, 2011 WL 4402680, at *5 (denying a motion to strike an offer of judgment on the same grounds).

**IV.**

After due consideration of these cases, the Court declines the plaintiff's invitation to judicially amend Rule 68 in the context of class actions where no such exception exists either in the text of the Federal Rules or in the notes of the Advisory Committee on Rules of Practice and Procedure of the Judicial Conference of the United States. It finds significance in the fact that, in 1984, that Committee rejected a proposal to create such an exception despite the same arguments advanced by Mey here.[*] Nor did the Third Circuit advocate such an exception; Weiss held only that an offer of judgment to a class representative does not moot his claims and clarified the effect of an offer of judgment made to a named

---

[*] In 1984, the Advisory Committee proposed a revision of Rule 68 that would have expressly precluded offers of judgment in class or derivative actions. Preliminary Draft of Proposed Amendments to the Fed. R. App. P., Fed. R. Civ. P., Fed. R. Crim. P. & Rules Governing § 2254 Cases and § 2255 Proceedings in the United States District Courts, 102 F.R.D. 407, 436 (1985). Proponents of the proposal reasoned that acceptance of any offer must be subject to court approval under Rules 23(e) and 23.1 and that an offer of judgment in this context "could lead to a conflict of interest between the named representative and other members of the class." Id. Despite these arguments, the Committee rejected the revision.

**MEY V. MONITRONICS INTERNATIONAL, ET AL.** 5:11CV90

**MEMORANDUM OPINION AND ORDER**

plaintiff. 385 F.3d at 348. It did not bar outright the use of this procedural device in a class action.

Moreover, the court in McDowall acknowledged the potential that an offer of judgment to a named plaintiff could ignite a conflict between her and a future class. 216 F.R.D. at 49. The mere potential for a conflict, however, does not require a court to strike an offer of judgment such as the one by VMS in this case. Indeed, the decisions in McDowall, Buechler, and Stovall all note that, until a defendant files a notice of the refused offer of judgment and demands costs, there is "nothing to strike." Stovall, 2011 WL 4402680, at *5; Buechler, 2010 WL 1664226, at *3; McDowall, 216 F.R.D. at 49.

Finally, should this case proceed through class certification, VMS's offer of judgment to Mey will effectively "disappear." See McDowall, 216 F.R.D. at 50. The adversary then will have changed from Mey alone to an entire class and the original offer of judgment will no longer be enforceable against the single named plaintiff. See id. at 51. Conversely, if this case does not proceed to class certification, VMS's offer of judgment will stand, and, if applicable, Mey will be held to the cost requirements imposed by Rule 68(d). To the extent this possibility requires Mey to make a difficult choice at an early stage of litigation, this merely

**MEY V. MONITRONICS INTERNATIONAL, ET AL.** 5:11CV90

**MEMORANDUM OPINION AND ORDER**

reflects the strategic nature of our adversary system and in no way indicates a defect in the Federal Rules of Civil Procedure.

**V.**

As discussed at the hearing on January 17, 2012, the Court:

1. **GRANTED** Mey's motion to file a second amended complaint (dkt. no. 88);

2. **ORDERED** that docket number 100 be deemed filed as the second amended complaint; and

3. **DENIED** Mey's motion to strike VMS's offer of judgment (dkt. no. 66).

It is so **ORDERED.**

The Court directs the Clerk to transmit copies of this Order to counsel of record.

DATED: March 22, 2012

/s/ Irene M. Keeley<br>
IRENE M. KEELEY<br>
UNITED STATES DISTRICT JUDGE