THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
At Clarksburg

IN RE:
Monitronics International, Inc.,                      Case No.: 1:13-MD-2493
Telephone Consumer Protection Act                    Judge Irene Keeley
Litigation

### THIS DOCUMENT RELATES TO:

DIANA MEY, individually and on behalf of a
class of all persons and entities similarly situated,

       Plaintiff,

v.                                                   Civil Action No. 5:11-CV-90
                                                     Judge Irene Keeley
MONITRONICS INTERNATIONAL, INC.;
VERSATILE MARKETING SOLUTIONS, INC.,
d/b/a VMS ALARMS; ALLIANCE SECURITY, INC.
and UNITED TECHNOLOGIES CORP., d/b/a GE
SECURITY, a division of UTC FIRE & SECURITY,

      Defendants.

### DEFENDANT VERSATILE MARKETING SOLUTIONS, INC., d/b/a VMS ALARMS AND ALLIANCE SECURITY, INC.'S ANSWER TO PLAINTIFF'S THIRD AMENDED CLASS ACTION COMPLAINT

Comes now Alliance Security, Inc. and Defendant Versatile Marketing Solutions, Inc., d/b/a VMS Alarms ("Alliance"),[1] by counsel, and answers Plaintiff's Third Amended Class Action Complaint ("Third Amended Complaint") as follows:

### I.  Preliminary Statement

1.      This introductory statement does not generally require either an admission or denial as written.  Alliance admits that Congress enacted the Telephone Consumer Protection

---

[1] Alliance Security, Inc. and Versatile Marketing Solutions, Inc., d/b/a VMS Alarms are not multiple legal entities but are one entity which is now known as Alliance Security, Inc.

Act of 1991 ("TCPA") and that Alliance does make sales calls on its own behalf.  Alliance does not adopt the Plaintiff's view of the state of the law or the Plaintiff's theories of liability stated as legal conclusions.  Alliance denies that it violated the TCPA and denies that it is in a joint venture with any named defendant in this civil action.  Alliance admits that it is an authorized dealer for Monitronics International, Inc. and was at certain relevant times an authorized dealer for UTC Fire and Security Americas Corp., Inc.

## II.  Parties

2.      Upon information and belief, Alliance admits the allegations in paragraph 2 of the Third Amended Complaint.

3.      Upon information and belief, Alliance admits the allegations in paragraph 3 of the Third Amended Complaint.

4.      Upon information and belief, Alliance admits the allegations in paragraph 4 of the Third Amended Complaint.

5.      Alliance admits that it is a Delaware corporation with its principal place of business located at 60 Jefferson Park Road, Warwick, Rhode Island.  Alliance further admits that it previously did business as Versatile Marketing Solutions, Inc. d/b/a VMS Alarms but denies the remaining allegations in paragraph 5 of the Third Amended Complaint.

6.      Alliance admits that it is a Delaware Corporation; it is not a limited liability company.

7.      Alliance admits Alliance Security, Inc. is the new name of VMS.

8.      Alliance is without sufficient knowledge or information to admit or deny the allegations in paragraph 8 as written.  Alliance admits that it is registered to conduct business in West Virginia and has conducted business in West Virginia.  Alliance does not answer on behalf

of the remaining defendants.  The remaining allegations in paragraph 8 of the Third Amended Complaint are denied.

9.     Alliance denies the allegations in paragraph 9 of the Third Amended Complaint.

### III.  The Legal Basis for the Third Amended Complaint

Alliance asserts that the arguments/captions inserted before numbered paragraph 8 in the Third Amended Complaint, and elsewhere throughout the Third Amended Complaint, do not require responses because they are not numbered paragraphs containing any allegations that are required to be admitted or denied.  To the extent that they are considered to be allegations, they are denied throughout.

10.     Alliance asserts that the arguments and characterization of the law in paragraph 10 of the Third Amended Complaint do not require a response and that the Court will apply the appropriate rule of law to this case.

11.     VMS asserts that the arguments and characterization of the law in paragraph 11 of the Third Amended Complaint do not require a response and that the Court will apply the appropriate rule of law to this case.

12.     Alliance asserts that the arguments and characterization of the law in paragraph 12 of the Third Amended Complaint do not require a response; however, Alliance affirmatively asserts that Plaintiff's description of the law is neither accurate nor complete.

13.     Alliance asserts that the arguments and characterization of the law in paragraph 13 of the Third Amended Complaint do not require a response; however, Alliance affirmatively asserts that Plaintiff's description of a "safe harbor" provision and/or Plaintiff's description of exemptions from liability under the TCPA are neither accurate nor complete.

14.     Alliance asserts that the arguments and characterization of the law in paragraph 14 of the Third Amended Complaint do not require a response; however, Alliance affirmatively asserts that Plaintiff's suggestion that Alliance is legally prohibited from contacting the Plaintiff by telephone absent written consent is not an accurate statement of the law.  More specifically, Alliance continues to assert that the C.F.R. provision cited by the Plaintiff is contrary to the intent and language of the enabling statue and is therefore ineffective as a basis for this civil action.

15.     Alliance denies that it needed written consent to contact her by telephone for the reason set forth in Paragraph 14 above.  Alliance admits that it did not have prior written consent from Plaintiff Diana Mey for the calls specifically alleged in this Third Amended Complaint. Alliance further asserts any factual statement that the Plaintiff makes concerning any other potential member of this putative class action Third Amended Complaint is pure speculation on her part.

**TCPA "on behalf of" liability**

16.     Alliance asserts that the arguments and characterization of the law in paragraph 16 of the Third Amended Complaint do not require a response and that the Court will apply the appropriate rule of law to this case.

17.     Alliance asserts that the arguments and characterization of the law in paragraph 17 of the Third Amended Complaint do not require a response and that the Court will apply the appropriate rule of law to this case.

18. Alliance asserts that the arguments and characterization of the law in paragraph 18 of the Third Amended Complaint do not require a response and that the Court will apply the appropriate rule of law to this case.

19.     Alliance denies the allegations in paragraph 19 of the Third Amended Complaint.

## IV. <u>The Factual Basis for the Complaint</u>

### The Defendants' joint venture

20.     Alliance denies the allegations in paragraph 20 of the Third Amended Complaint.

21.     Alliance is without sufficient knowledge or information to admit or deny the allegations in paragraph 21 of the Third Amended Complaint because the term "leading" is susceptible of multiple opinions, interpretations and/or meanings and therefore the allegations contained in paragraph 21 of the Third Amended Complaint are denied.     Alliance admits that UTC manufactures residential and commercial alarm systems, some of which were purchased by Alliance.

22.     Alliance is without sufficient knowledge or information to admit or deny the allegations in paragraph 22 of the Third Amended Complaint because the term "leading" is susceptible of multiple opinions, interpretations and/or meanings and therefore the allegations contained in paragraph 22 of the Third Amended Complaint are denied.   Alliance admits that Monitronics provides alarm monitoring services and that Alliance purchases the alarm monitoring services of Monitronics on a non-exclusive basis.

23.     Alliance is without sufficient knowledge or information to admit or deny the allegations in paragraph 23 of the Third Amended Complaint because the term "leading" is susceptible of multiple opinions, interpretations and/or meanings and therefore the allegations contained in paragraph 23 of the Third Amended Complaint are denied.     Alliance admits that it provides and/or sells home security systems and that it installs and services home security systems.  Alliance admits that it contracts with Monitronics for home alarm monitoring services on a non-exclusive basis.

24.     Alliance denies the allegations in paragraph 24 of the Third Amended Complaint.

25.     Alliance denies the allegations in paragraph 25 of the Third Amended Complaint.

26.     Alliance denies the allegations in paragraph 26 of the Third Amended Complaint.

27.     Alliance denies the allegations in paragraph 27 of the Third Amended Complaint.

28.     Alliance denies the allegations in paragraph 28 of the Third Amended Complaint as written.  Once a potential customer agrees to become an Alliance customer, the new customer is asked to sign a contract with Alliance for alarm monitoring services.  The form of the customer contract is approved by Monitronics.

29.     Alliance admits the allegations in paragraph 29 of the Third Amended Complaint.

30.     Alliance admits the allegations in paragraph 30 of the Third Amended Complaint.

31.     Alliance denies the allegations in paragraph 31 of the Third Amended Complaint.

32.     Alliance denies the allegations in paragraph 32 of the Third Amended Complaint. When Alliance contracts with a customer, Alliance will select contracts/accounts to offer to sell to Monitronics.  Monitronics is not obligated to purchase any contracts offered by Alliance and Alliance does not offer every contract for sale to Monitronics.  When a particular account is not sold to Monitronics, it is generally kept as an Alliance customer and Alliance contracts with Monitronics for monitoring services and pays Monitronics directly for those services.

33.     Alliance denies the allegations in paragraph 33 of the Third Amended Complaint.

34.     Upon information and belief, UTC does not generally market its alarm systems directly to homeowners.   Alliance is without sufficient information to admit or deny the remaining allegations in paragraph 34 of the Third Amended Complaint.

35.     Alliance denies the allegations in paragraph 35 of the Third Amended Complaint. Alliance was at relevant times, authorized to represent itself as an "Authorized Dealer" of UTC and is still authorized to represent itself as an "Authorized Dealer" of Monitronics.

36.     Alliance denies the allegations in paragraph 36 of the Third Amended Complaint.

**Calls made by or on behalf of the Defendants to Diana Mey**

37.     Alliance is without sufficient information to admit or deny the allegations in paragraph 37 of the Third Amended Complaint based upon the incomplete information provided in paragraph 37 of the Third Amended Complaint.  Alliance admits that the Plaintiff's home telephone number includes the last four numbers as identified in the Third Amended Complaint and that the Plaintiff's phone number is listed on the Do Not Call Registry.

38.     Alliance asserts that the allegation in paragraph 38 that a DNC registration can only be revoked in writing is a legal conclusion to which no response is required.  Alliance is without sufficient information to admit or deny the remaining allegations in paragraph 36 of the Third Amended Complaint.

39.     Alliance denies the allegations in paragraph 39 of the Third Amended Complaint.

40.     Alliance denies the allegations in paragraph 40 of the Third Amended Complaint.

41.     Alliance denies the allegations in paragraph 41 of the Third Amended Complaint.

42.     Alliance denies the allegations in paragraph 42 of the Third Amended Complaint. Alliance states that it has purchased leads from independent contractors, some overseas and some stateside, that the independent contractors conducted surveys for a variety of clients, that the independent contractors were not required to offer, and Alliance was not obligated to purchase, any of the leads generated by the survey calls.

43.     Alliance denies the allegations in paragraph 43 of the Third Amended Complaint as written.  Alliance utilized a number of factors to determine the price that it paid for sales leads from any independent contractor or vendor; the contractors and vendors who provided higher

quality leads that generated actual sales for Alliance were compensated at a higher rate than contractors who provided lower quality leads.

44.   Alliance denies the allegations in paragraph 44 of the Third Amended Complaint. Alliance admits that it made calls to potential customers who expressed an interest in receiving such calls based, at least in part, upon the leads purchased by Alliance.  Alliance employees were to use the Script provided.

45.   Alliance denies the allegations in paragraph 45 of the Third Amended Complaint.

46.   Alliance denies the allegations in paragraph 46 of the Third Amended Complaint.

47.   Alliance denies the allegations in paragraph 47 of the Third Amended Complaint.

48.   Alliance denies the allegations in paragraph 48 of the Third Amended Complaint.

49.   Alliance denies the allegations in paragraph 49 of the Third Amended Complaint as written.  Alliance admits that it made several calls to the Plaintiff's home telephone number based upon prior verbal and/or implied consent and that the Plaintiff was informed that she was selected to receive a GE home security system and installation of the system without cost to her provided that she pay approx $1 per day for monitoring services.  Alliance asserts that the Plaintiff alleges a number of calls of this type that were made by some other person or entity other than Alliance and that Alliance bears no responsibility for the calls which it did not make.

50.   Alliance denies the allegations in paragraph 50 of the Third Amended Complaint.

51.   Alliance denies the allegations in paragraph 51 of the Third Amended Complaint except for those allegations specifically admitted, and only to the extent admitted herein.

51a.   Alliance is without sufficient information to admit or deny the allegations in paragraph 51a of the Third Amended Complaint.  More particularly, Plaintiff does not allege that the call was made by Alliance nor does she allege that the caller represented herself as an

employee of Alliance.   Instead, Plaintiff alleges that the caller identified herself as a representative of Monitronics.

51b.   Alliance denies, in part, the allegations in paragraph 51b of the Third Amended Complaint.  Alliance admits that Megan was an employee of Alliance and called the Plaintiff based upon Plaintiff's earlier consent to be called pursuant to a survey.  Alliance also offered to provide and install a GE home security system valued at $1200 at no cost to the Plaintiff provided that the Plaintiff would pay a monitoring fee of approximately one dollar per day. Alliance denies the remaining allegations in paragraph 51b of the Third Amended Complaint.  In particular, Plaintiff alleges that the caller "characterized the survey as 'one of our General Electric Surveys.'"  Plaintiff's own transcript of the conversation states:  "The reason for my call is recently you or someone in your home participated in one of General Electric Safety Survey . . . ."  See Mey 001497.

51c.   Alliance admits, in part, the allegations in paragraph 51c of the Third Amended Complaint but asserts that the statements are taken out of context and do not represent a <u>legal admission</u> of a partnership between Alliance and GE as alleged.  The Alliance employee told the Plaintiff that GE made the home security system and provides a lifetime warranty for the system to which the Plaintiff baited[2] the employee by asking "So you partner with them?"   See MEY001488.   The Alliance employee was not implying or even contemplating the legal definition of partner when he responded to her question.  Likewise he did not suggest any legal partnership relationship when he referred to partnering with the Better Business Bureau.  See MEY001493.

---

[2] Plaintiff, a self-professed "consumer advocate," has testified that she "played along" with callers to further her "investigation" and to obtain evidence in support of her contemplated lawsuit for violation of the TCPA.

51d.    Alliance admits, in part, the allegations in paragraph 51d of the Third Amended Complaint.  Alliance employee Matthew Jay did call the Plaintiff to arrange for installation of the GE home security system at no cost.  Alliance denies the remaining allegations in paragraph 51d of the Third Amended Complaint.

51e & f.       Alliance admits, in part, the allegations in paragraph 51e and f of the Third Amended Complaint.  Alliance admits that the Alliance employee called the Plaintiff and further admits that the employee accurately informed the Plaintiff that Alliance was an authorized Dealer for both Monitronics and GE.   To the extent that the Alliance employee made representations regarding the relationships between Alliance, Monitronics and GE, he was not authorized to do so, his statements are not lawfully binding upon or admissions binding upon Alliance, Monitronics or GE.  Alliance has taken disciplinary action against the employee for his misstatements.    In addition, the statements quoted by the Plaintiff in paragraphs 51e and f are taken out of context and, when the entire conversation is considered, the Alliance employee does not represent that Alliance, GE and Monitronics are the same company as alleged by the Plaintiff.

51g.    Alliance admits, in part, the allegations in paragraph 51g of the Third Amended Complaint.  Alliance admits that the Plaintiff received a call from an individual who identified himself as "Ricky from VMS, your local General Electric dealer" and that he was calling from the promotional department in Tampa, Florida, and that the employee had an accent.  Alliance denies the remaining allegations in paragraph 51g of the Third Amended Complaint.

51h.    Alliance admits, in part, the allegations in paragraph 51h of the Third Amended Complaint.  Alliance admits that the Plaintiff received a call from an employee who identified himself as Jeff from the alarm company, later identified during the call as VMS.  Alliance also

admits that the caller reminded Ms. Mey that she had recently spoken with Ricky about the GE home security system.  The caller affirmed that VMS, GE and Monitronics were separate entities but that they partnered to provide the equipment, installation and monitoring services.  The Plaintiff's allegation that the caller represented to the Plaintiff that VMS, GE and Monitronics were "partners" is taken out of context and the entire conversation did not imply any type of legal partnership between the separate legal entities.  Further, to the extent that the caller inadvertently referred to partnership, he was not authorized to do so, his statements are not lawfully binding upon or admissions binding upon Alliance, Monitronics or GE.  Alliance admits that there was a discussion regarding the Plaintiff's allegation that the caller ID in an earlier call displayed "political RP.  Alliance denies the remaining allegations in paragraph 51h of the Third Amended Complaint.

51i.   Alliance admits that the Plaintiff provided a recording of the telephone conversation which forms the basis for the allegations in paragraph 51i of the Third Amended Complaint.  Alliance is without sufficient information to admit that the callers were employees of Alliance and therefore denies that it made the telephone call.

51j.   Alliance is without sufficient knowledge or information to admit or deny the allegations in paragraph 51j of the Third Amended Complaint but notes that the Plaintiff does not allege that Alliance made any of the calls which for the basis for the allegations in paragraph 51j.  Alliance denies making any such call.

51k.   Alliance is without sufficient knowledge or information to admit or deny the allegations in paragraph 51k of the Third Amended Complaint and therefore denies the same as written. Based upon the allegation in the First Amended Complaint, Alliance believes that the Plaintiff is referring to a call made by an Alliance employee named Ryan from telephone number

(401) 533-9592 on December 14, 2009 and Alliance admitted making that call.  The First Amended Complaint did not allege that the Plaintiff's caller ID displayed Monitronics and had it done so that allegation would have been denied.  Phone number (401) 533-9592 is a phone line used by Alliance however Alliance denies that the caller ID displayed "Monitronics."

52.     Alliance is without sufficient information to admit or deny the allegations in paragraph 52 of the Third Amended Complaint and therefore denies the allegations in paragraph 52 of the Third Amended Complaint.  Alliance denies that it made any of the calls alleged.

### The Defendants' awareness of consumer complaints
### about their telemarketing practices

53.     Alliance denies the allegations in paragraph 53 of the Third Amended Complaint. By way of further answer, Alliance does receive complaints from consumers and those complaints are generally quickly withdrawn by the consumer when they are provided evidence of their consent/opt-in.  Alliance further asserts that the filing of a complaint with the FCC is a matter of no legal significance.  *See, Mey v. Pep Boys,* (WV Supreme Court Slip Op 101406, 9/29/11).[3]

54.     Alliance admits the allegations in paragraph 54 of the Third Amended Complaint, in part.  By way of further answer, Alliance was unaware that Pennsylvania had a Do Not Call database which is separate and distinct from the federal Do Not Call registry.  Alliance reached a

---

[3]     "The plaintiff argues that the circuit court erred by failing to grant her motion for relief after being informed that the FCC issued a citation against Pep Boys.  The plaintiff filed a consumer complaint with the FCC twelve days after the circuit court granted the defendants' motion to dismiss.  The citation the FCC sent to the defendants states, "[t]he complaints (attached to the citation) address *alleged TCPA violation(s)*[.]"   (Emphasis added.)  The FCC citation was based on the plaintiff's consumer complaint.  The defendants did not respond to the complaint before receiving the citation and argue that it is "merely a complaint or 'charge' consisting of allegations, not a decision of liability or a determination on the merits."

The plaintiff argues that this citation is the FCC's interpretation of its own regulations and is therefore entitled to considerable weight and deference.  In Syllabus Point 4 of *Security Nat. Bank & Trust Company v. First W.Va. Bancorp, Inc.*, 166 W.Va. 775, 277 S.E.2d 613 (1981), we held, "[i]nterpretations of statutes by bodies charged with their administration are given great weight unless clearly erroneous."  The problem with the plaintiff's argument is that the citation is a form document that does not detail what, if any, investigation the FCC undertook prior to issuing it.  This form document was issued before the defendants had an opportunity to respond to it."  *Mey* at 18-19.

compromise agreement with the Pennsylvania Attorney General resolving all complaints without any admission of liability.  Alliance further asserts that the calls made in Pennsylvania were to consumers who were on the Pennsylvania registry only and that none of those calls constitute a violation of the TCPA.

55.     Alliance denies the allegations in paragraph 55 of the Third Amended Complaint.

56.     Alliance admits that VMS was presented with the Freedom Award.  Alliance is without knowledge or information sufficient to state why the award was made by GE Security Products and therefore denies the remaining allegations in paragraph 56 of the Third Amended Complaint.

57.     Alliance denies that it engaged in illegal telemarketing and further denies all other allegations in paragraph 57 of the Third Amended Complaint.

58.     Alliance admits the allegation in paragraph 58 of the Third Amended Complaint.

59.     Alliance denies that it engaged in illegal telemarketing and further denies all other allegations in paragraph 59 of the Third Amended Complaint.

### V. Class Action Allegations

60.     Alliance admits that the Plaintiff accurately states she filed this civil action as a putative class action but denies that this is properly a class action.

61.     Alliance denies the allegations in paragraph 61 of the Third Amended Complaint.

62.     Alliance denies the allegations in paragraph 62 of the Third Amended Complaint. See also Paragraph 14 above.

63.     Alliance admits that the Plaintiff proposes to represent a class of persons in this civil action but denies that this is properly a class action or that she is an appropriate class representative.

64.     Alliance denies the allegations in paragraph 64 of the Third Amended Complaint. More specifically, the Plaintiff would have to establish, in every instance, that Alliance lacked prior express consent to receive each and every each call identified in the records of Alliance, and that the determination of consent is established, or disproved, on an individual basis, not a class basis.  See Paragraph 14 above.

65.     Alliance denies the allegations in paragraph 65 of the Third Amended Complaint.

66.     Alliance denies the allegations in paragraph 66 of the Third Amended Complaint.

67.     Alliance denies the allegations in paragraph 67 of the Third Amended Complaint.

68.     Alliance denies the allegations in paragraph 68 of the Third Amended Complaint.

69.     Alliance denies the allegations in paragraph 69 of the Third Amended Complaint.

70.     Alliance denies the allegations in paragraph 70 of the Third Amended Complaint.

71.     Alliance denies the allegations in paragraph 71 of the Third Amended Complaint. Alliance asserts that a number of Courts have held that the statutory scheme with its penalty provision provide adequate incentive for individuals to prosecute their own claims.  Moreover, Alliance asserts that there is no evidence that any other recipient of a call from Alliance is as bothered by the calls as the Plaintiff or that any of the other recipients of calls from Alliance lied to Alliance employees to bait Alliance employees to make additional calls based upon apparent but feigned interest in the products being offered by Alliance.  Finally, Alliance has produced information in discovery for this civil action related to a number of consumers who have either compromised their claims without litigation or who have initiated litigation in their own name in their local courts.

72.     Alliance admits that the Plaintiff is willing to be a class representative in this civil action but denies that this case is appropriate for class action status and that the Plaintiff is a

proper class representative and therefore denies all remaining allegations in paragraph 72 of the Third Amended Complaint.

## VI. Legal Claims

### Count One

73.     Alliance restates its responses to all previous paragraphs in the Third Amended Complaint as if fully restated herein.

74.     Alliance denies the allegations in paragraph 74 of the Third Amended Complaint.

### Count Two

75.     Alliance restates its responses to all previous paragraphs in the Third Amended Complaint as if fully restated herein.

76.     Alliance denies the allegations in paragraph 76 of the Third Amended Complaint.

### Count Three

77.     Alliance restates its responses to all previous paragraphs in the Third Amended Complaint as if fully restated herein.

78.     Alliance admits that injunctive relief is an available remedy under the statute but denies that any such relief is appropriate in this civil action.

79.     Alliance denies that the Plaintiff has any grounds for the injunctive relief sought in and therefore denies that the Plaintiff is entitled to the relief sought in paragraph 79 of the Third Amended Complaint.

### Count Four

80.     Alliance restates its responses to all previous paragraphs in the Third Amended Complaint as if fully restated herein.

81.     Alliance is without sufficient information to admit or deny the allegations in paragraph 81 of the Third Amended Complaint except as the paragraph pertains to the records of Alliance.  Alliance does have records of its activities but cannot ensure, at this point, that those records, standing alone, are sufficient to identify the members of any class which the Court might certify.

82.     Alliance denies the allegations in paragraph 82 of the Third Amended Complaint.

83.     Alliance denies that the Plaintiff is entitled to the relief sought in paragraph 83 of the Third Amended Complaint.

## Relief Sought

84.     Alliance denies the Plaintiff is entitled to the relief sought by her Prayer for Relief, including paragraphs 1 through 5 of that Prayer for Relief, or any other relief from Alliance.

85.     Alliance denies all allegations not specifically admitted above.

## AFFIRMATIVE DEFENSES

1.      The Third Amended Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

2.      Plaintiff's claims are barred, in whole or in part, to the extent they alleged injuries, damages or losses were directly and proximately caused by the intervening, superseding acts and conduct of others over whom Alliance had no control.

3.      Alliance acted in good faith and had reasonable grounds for believing that its conduct did not violate any law, and Defendant's conduct did not violate any law as alleged.

4.      Plaintiff's claims and causes of action are barred, in whole or in part, because Alliance complied with all applicable federal, state, local and statutory laws and industry standards.

5.      Alliance is entitled to the benefit of all defenses and presumptions contained in or arising from, any rule of law or statute.

6.      Alliance intends to rely on all defenses available from the evidence at the time of trial, and expressly reserves the right to assert such defenses as more facts become known.

7.      A person or entity other than Alliance is responsible for placing one or more of the telephone calls at issue in this civil action.

8.      Alliance has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the TCPA.

9.       Plaintiffs claims are barred because Alliance did not engage in negligent willful and/or intentional misconduct.

10.      Alliance asserts that, if there is any negligence or liability of any of the parties named herein, which is denied, it is the sole and exclusive negligence and liability of such other persons or entities and not of Alliance.

11.      Alliance reserves the right to asserts all available affirmative defenses, whether or not they have been specifically asserted herein, including, but not limited to, the defenses set forth in Rules 8(c) and 12 of the Federal Rules of Civil Procedure.

12.       Class certification should be denied because the Plaintiff's purported class fails to satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, including but not limited to numerosity, commonality, cohesiveness, typicality and adequacy of representation.

13.     Plaintiff lacks standing to assert claims on behalf of the purported class.

14.     Class certification should be denied because the questions of fact at issue are not common to the alleged class, but are factually specific and will vary from person to person.

15.     Plaintiff's claims against Alliance are barred by her consent to be contacted by Alliance.

16.     Plaintiff's claims against alliance are barred by the doctrine of "unclean hands" due to her admission that she baited alliance into making a number of the calls which now form a part of her claims against Alliance.

17.     Plaintiff's claims on behalf of purported class members, or some of them, have been settled, compromised and agreed by the consumers individually or by administrative action by state and federal agencies and are therefore barred.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiff's Third Amended Complaint, Defendant Versatile Marketing Solutions, Inc. prays that this Court will dismiss this suit with prejudice and grant such other and further relief as it deems just and proper.

**VERSATILE MARKETING SOLUTIONS, INC., D/B/A VMS ALARMS**

**By SPILMAN THOMAS & BATTLE, PLLC**

/s/ John R. Teare, Jr.
Niall A. Paul (WV Bar No. 5622)
John R. Teare, Jr. (WV Bar No. 5547)
300 Kanawha Boulevard, East (Zip 25301)
P.O. Box 273
Charleston, WV  25321-0273
304-340-3800

Christina S. Terek (WV Bar No. 9724)
1217 Chapline Street
Wheeling, WV 26003
304-230-6962

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
At Clarksburg


IN RE:
Monitronics International, Inc.,                          Case No.: 1:13-MD-2493
Telephone Consumer Protection Act                        Judge Irene Keeley
Litigation


### *THIS DOCUMENT RELATES TO:*


DIANA MEY, individually and on behalf of a
class of all persons and entities similarly situated,

       Plaintiff,

v.                                                       Civil Action No. 5:11-CV-90
                                                         Judge Irene Keeley
MONITRONICS INTERNATIONAL, INC.;
VERSATILE MARKETING SOLUTIONS, INC.,
d/b/a VMS ALARMS; ALLIANCE SECURITY, INC.
and UNITED TECHNOLOGIES CORP., d/b/a GE
SECURITY, a division of UTC FIRE & SECURITY,

       Defendants.

### CERTIFICATE OF SERVICE

I, John R. Teare, Jr., I hereby certify that on the 20th day of December, 2013, I served the foregoing ***"Defendant Versatile Marketing Solutions, Inc., d/b/a VMS Alarms and Alliance Security Inc.'s Answer to Plaintiff's Third Amended Class Action Complaint"*** with the Clerk of this Court and upon all counsel of record using the Court's CM/ECF filing system, as follows:

John W. Barrett, Esq.                    Edward A. Broderick, Esq.
Jonathan R. Marshall, Esq.               Broderick Law, P.C.
Bailey & Glasser, LLP                    125 Summer St., Suite 1030
209 Capitol Street                       Boston, MA 02110
Charleston, WV 25301                     *Co-Counsel for Plaintiff*
*Co-Counsel for Plaintiff*

Matthew P. McCue, Esq.
The Law Office of Matthew P. McCue
1 South Avenue, Suite 3
Natick, MA 01760
***Co-Counsel for Plaintiff***

Gordon H. Copeland
Kristen L. Andrews, Esq.
Steptoe & Johnson, PLLC
Post Office Box 751
Wheeling, WV 26003
***Counsel for UTC Fire & Security Americas Corporation, Inc.***


Jeffrey A. Homstrand
Phillip T. Glyptis
Flaherty Sensabaugh & Bonasso, PLLC
1225 Market Street
Wheeling, WV 26003
***Counsel for Monitronics International, Inc.***

Margaret Carlson
Culp & Dyer, L.L.P.
222 E. McKinney Street, Suite 210,
Denton, Texas 76201
(940) 484-2236
***Counsel for Monitronics International, Inc.***


/s/ John R. Teare, Jr.
John R. Teare, Jr. (WV Bar No. 5547)