**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

| IN RE MONITRONICS INTERNATIONAL, INC. TELEPHONE CONSUMER PROTECTION ACT LITIGATION | ) ) ) ) ) | Civil Action No. 1:13-md-2493-IMK<br><br>(THIS DOCUMENT RELATES TO ALL CASES) |
|---|---|---|

---

**MEMORANDUM OF DEFENDANT MONITRONICS INTERNATIONAL, INC. IN OPPOSITION TO MOTION TO INTERVENE**

---

## I. INTRODUCTION

Defendant Monitronics International, Inc. ("Monitronics") opposes the motion of would-be intervenors Timmy J. Tolmes, Amber Lambirt, Wade Albright, Lisa Tulles, Quiana Lovett, April Juarez, Mary Lyn Danielak, Alice Chambers Scott, Michale M. Dixon, Shawna Farley, Tenesha Hardy, Kathleen Jennings and Chelsey Penix (collectively "Proposed Intervenors") as Proposed Intervenors have not satisfied the requirements for intervention under Federal Rules of Civil Procedure, Rule 24. Specifically: (1) Proposed Intervenors have failed to demonstrate they have a right to intervene under Federal Rules of Civil Procedure, Rule 24(a); (2) Proposed Intervenors have not demonstrated that permissive intervention is warranted under Federal Rules of Civil Procedure, Rule 24(b); and (3) Proposed Intervenors failed to comply with the pleading requirements of Federal Rules of Civil Procedure, Rule 24(c). As a result, Proposed Intervenors may not intervene in this proceeding and their motion should be denied.

## II. ARGUMENT

Proposed Intervenors contend they should be allowed to intervene on two independent grounds—as a matter of right under Rule 24(a) and under the permissive intervention rule contained in Rule 24(b). Thus, Proposed Intervenors must establish that grounds exist for

intervention of right under Rule 24(a) *and/or* conditions exist under which the Court may permit intervention under Rule 24(b). They have failed to do so.

**A. <u>Proposed Intervenors Have Not Demonstrated a Right to Intervention.</u>**

Rule 24(a) requires a court to permit intervention where the would-be intervenor:

> (1) is given an unconditional right to intervene by a federal statute; or
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

(Fed. R. Civ. Proc. 24(a)(1),(2).) Further, a would-be intervenor bears the burden of demonstrating to the court a right to intervene and must expressly state the grounds for intervention of right under Rule 24(a). (*See Richman v. First Woman's Bank (In re Richman)*, 104 F.3d 654, 658 (4th Cir. 1997); Fed. R. Civ. Proc. 24(c).) Here, Proposed Intervenors' motion is completely devoid of any facts or allegations supporting their purported right to intervene.

First, Proposed Intervenors have not alleged any facts supporting an unconditional right to intervene under a federal statute, nor does the TCPA provide for such an unconditional right for individuals. Thus, Rule 24(a)(1) does not apply to Proposed Intervenors and the only possible scenario under which Proposed Intervenors may intervene as of right is under Rule 24(a)(2).

Second, the Fourth Circuit has interpreted Rule 24(a)(2) to require intervention only if the movant can demonstrate each of the following: (1) an interest in the subject matter of the action; (2) that the protection of this interest would be impaired because of the action; and (3) that the applicant's interest is not adequately represented by existing parties to the litigation. (*See*

*Teague v. Bakker*, 931 F.2d 259, 260-61 (4th Cir. 1991); *Stuart v. Huff*, 706 F.3d 345, 349 (4th Cir. 2013).) In the instant case, Proposed Intervenors have made no such showing.

Even if the Court accepts Proposed Intervenors' general allegation that they "have a common vested interest in this litigation in support of the Plaintiff's claims," nothing in their motion even attempts to satisfy the requisite showing that the protection of this "common vested interest" would be jeopardized or impaired if Proposed Intervenors were not allowed to intervene and that Proposed Intervenors' interest is not adequately represented by existing parties to the litigation. Moreover, included within the MDL are several putative nationwide class actions purporting to assert TCPA claims. Thus, to the extent Proposed Intervenors are able to articulate an interest relating to the subject matter of the litigation and intend to allege TCPA claims against one or more of the existing defendants, all indications are that Proposed Intevenors' interests are being adequately represented by the existing Plaintiffs. This is particularly true where, as here, each of the Proposed Intervenors appears to be a pro se plaintiff and at least twelve of the thirteen Proposed Intervenors are currently incarcerated.[1] Accordingly, Proposed Intervenors' request to intervene as of right should be denied.

### B. Proposed Intevenors Have Not Established that Permissive Intervention is Inappropriate.

If intervention of right is not warranted, a court in certain circumstances may yet allow intervention permissively under Rule 24(b). Rule 24(b) provides, in pertinent part, that on a timely motion, the court may permit anyone to intervene who:

[1] The status of Proposed Intervenors was determined after researching the names and mailing addresses of the Proposed Intervenors as set forth in the signature page of their motion.

(A) is given a conditional right to intervene by a federal statute; or

(B) has a claim or defense that shares with the main action a common question of law or fact.

Proposed Intervenors have not satisfied the requirements for permissive intervention under Rule 24(b) as they have not alleged any federal statute that affords them a conditional right to intervene under Rule 24(b)(1)(A). Likewise, they have failed to articulate any claim or defense that shares a common question of law or fact with the existing action. In fact, the motion acknowledges this critical omission as Proposed Intervenors instead state they "*will* provide questions of laws and facts that are common in this Action." (Motion at p. 2 (emphasis added).) Thus, on its face, the motion is inadequate and cannot provide a basis for the Court to exercise its discretion to allow permissive intervention.[2]

### C. Proposed Intervenors Failed to Submit a Proposed Pleading Setting Forth the Claims They Seek to Assert.

Finally, the Court should deny Proposed Intervenors' motion to intervene as they have not complied with the requirement under Rule 24(c) that a motion to intervene must "state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Proposed Intervenors did not attach a pleading setting forth the claims or defenses they seek to assert nor did they otherwise include such detail in the motion itself. As a result, Proposed Intervenors did not comply with Rule 24(c) and the Court should deny the motion on this ground.

[2] To be sure, nothing in theory prevents the Proposed Intervenors from filing individual lawsuits in the proper jurisdiction which could then be transferred into the MDL but that would require each of them to actually prepare the proper pleading and tender the filing fee. In addition, as Monitronics previously demonstrated in connection with its renewed motion to dismiss the original Charvat matter transferred into the MDL from the Southern District of West Virginia (Doc. 158-159), there is no personal jurisdiction over Monitronics in West Virginia for calls allegedly placed to telephone numbers in other states.

## III. CONCLUSION

Proposed Intervenors' motion fails to satisfy the requirements for intervention under Rule 24. For these reasons, Proposed Intevenors' motion should be denied.

MONITRONICS INTERNATIONAL, INC.

By: /s/ Jeffrey A. Holmstrand
One of its attorneys

Jeffrey A. Holmstrand (#4893)
FLAHERTY SENSABAUGH BONASSO PLLC
1225 Market Street
P.O. Box 6545
Wheeling, WV 26003
(304) 230-6600

Benjamen S. Dyer (*admitted pro hac vice)*
Margaret Carlson (*admitted pro hac vice)*
CULP & DYER, L.L.P.
222 E. McKinney Street, Suite 210
Denton, TX 76201
(940) 484-2236

Meryl C. Maneker (*admitted pro hac vice)*
WILSON TURNER KOSMO LLP
550 West C Street, Suite 1050
San Diego, CA 92101
(619) 236-9600

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

| | | |
|---|---|---|
| IN RE MONITRONICS INTERNATIONAL, INC. TELEPHONE CONSUMER PROTECTION ACT LITIGATION | ) ) ) ) ) | Civil Action No. 1:13-md-2493-IMK<br><br>(THIS DOCUMENT RELATES TO ALL CASES) |

---

**CERTIFICATE OF SERVICE**

---

Service of ***MEMORANDUM OF DEFENDANT MONITRONICS INTERNATIONAL, INC. IN OPPOSITION TO MOTION TO INTERVENE*** was had upon the following via the CM/ECF system this 13th day of April, 2015:

Gordon H. Copland
STEPTOE & JOHNSON, PLLC
400 White Oaks Blvd.
Bridgeport, WV 26330

John R. Teare, Jr.
SPILMAN THOMAS & BATTLE PLLC
300 Kanawha Boulevard, East
Charleston, WV 25301

Christina S. Terek
SPILMAN THOMAS & BATTLE, PLLC
1233 Main Street, Suite 4000
P.O. Box 831
Wheeling, WV 26003

Edward A. Broderick
Anthony I. Paronich
LAW OFFICES OF EDWARD A. BRODERICK
125 Summer Street, Suite 1030
Boston, MA 02110

Matthew P. McCue
LAW OFFICE OF MATTHEW P MCCUE
1 South Avenue, Suite 3
Natick, MA 01760

John W. Barrett
Jonathan R. Marshall
BAILEY & GLASSER, LLP
209 Capitol Street
Charleston, WV 25301

Beth E. Terrell
TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th St., Ste 300
Seattle, WA 98103-8869

Jeffrey L. Poston
CROWELL & MORING LLP
1001 Pennsylvania Avenue NW
Washington, DC 20004

Charles R. Pinkerton
PINKERTON LAW PRACTICE, PLLC
918 Alpine Street
Morgantown, WV 26505

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603

John P. Wolff, III
KEOGH COX & WILSON
701 Main Street
Baton Rouge, LA 70802

Robert B. Newkirk, III
NEWKIRK LAW OFFICE, P.A.
P.O. Box 2536
19810 W. Catawba Avenue
Cornelius, NC 28031

Harry F. Bell, Jr.
THE BELL LAW FIRM PLLC
P.O. Box 1723
Charleston, WV 25326

Alexander Macia
SPILMAN THOMAS BATTLE PLLC
300 Kanawha Blvd. East
P.O. Box 273
Charleston, WV 25321-0273

Lauri A. Mazzuchetti
Michael A. Innes
KELLEY DRYE & WARREN
200 Kimball Drive
Parsippany, NJ 07054

Brian K. Murphy
Joseph F. Murray
MURRAY MURPHY MOUL & BASIL
1533 Lake Shore Drive
Columbus, OH 43204

Sergei Lemberg
LEMBERG & ASSOCIATES
1100 Summer Street, 3rd Floor
Stamford, CT 06905

Daniel J. Williams
Law Offices of Daniel J. Williams
402 West Broadway, Suite 1100
San Diego, CA 92101

Seyed Abbas Kazerounian
KAZEROUNI LAW GROUP, APC
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626

Service of ***MEMORANDUM OF DEFENDANT MONITRONICS INTERNATIONAL, INC. IN OPPOSITION TO MOTION TO INTERVENE*** was had upon the following by sending a true copy thereof by regular mail, postage prepaid, at their last known address this 13th day of April, 2015, as follows:

Craig Cunningham, *Pro Se*
5543 Edmondson Pike, Suite 248
Nashville, TN 37211

Todd C. Bank, *Pro Se*
119-40 Union Turnpike, 4th Floor
Kew Gardens, NY 11415

MONITRONICS INTERNATIONAL, INC.

By: /s/ Jeffrey A. Holmstrand
One of its attorneys

Jeffrey A. Holmstrand (#4893)
FLAHERTY SENSABAUGH BONASSO PLLC
1225 Market Street
P.O. Box 6545
Wheeling, WV 26003
(304) 230-6600

Benjamen S. Dyer (*admitted pro hac vice)*
Margaret Carlson (*admitted pro hac vice)*
CULP & DYER, L.L.P.
222 E. McKinney Street, Suite 210
Denton, TX 76201
(940) 484-2236

Meryl C. Maneker (*admitted pro hac vice)*
WILSON TURNER KOSMO LLP
550 West C Street, Suite 1050
San Diego, CA 92101
(619) 236-9600