**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

IN RE:  MONITRONICS
INTERNATIONAL, INC.,                                    MDL NO. 1:13MD2493-IMK
TELEPHONE CONSUMER
PROTECTION ACT LITIGATION

– – – – – – – – – – – – – – – – – – – – – – – – –

**THIS DOCUMENT RELATES TO ALL CASES**

**REPLY IN FURTHER SUPPORT OF DEFENDANTS' JOINT MOTION TO STAY OR,
IN THE ALTERNATIVE, TO ADDRESS PLAINTIFFS' MOTION FOR CLASS
CERTIFICATION BASED ON THE CURRENT RECORD**

Defendants[1] respectfully submit this Reply in further support of their Motion to Stay the

matter pending Supreme Court rulings next term; or, in the alternative, for permission to oppose

Plaintiffs' placeholder motion for class certification at this time.

**INTRODUCTION**

Since the Supreme Court granted certiorari in *Campbell-Ewald* on May 18, 2015, at least

four district courts have issued stays in TCPA putative class actions.  To Defendants' knowledge,

not a single court has denied a request for a stay based on *Campbell-Ewald*.  Yet, Plaintiffs in

their Opposition do not address, let alone distinguish, these stays.  And Plaintiffs do not offer a

single instance of a court **denying** a stay where a valid Rule 68 offer has been made to a putative

class representative.  Rather, Plaintiffs cite inapposite cases and raise a number of red herring

arguments in hopes of avoiding a stay while the threshold questions of standing and mootness

remain pending before the Supreme Court.

For example, Plaintiffs spend pages arguing that they filed a "placeholder" motion for

class certification, which allegedly insulates them from the mooting effect of Rule 68 offers.

---

[1] Capitalized abbreviations and terms defined in Defendants' opening memorandum are
incorporated herein for convenience.

The Fourth Circuit has never embraced this notion.  Plaintiffs rely primarily on the Seventh

Circuit's decision in *Damasco v. Clearwire Corp*, 662 F.3d 891 (7th Cir. 2011), for the

proposition that a placeholder motion for class certification invalidates any mooting effect of a

Rule 68 offer.[2]  But *Damasco* and its resulting "placeholder" motions will be assessed by the

Supreme Court.  Indeed, the question presented in the *Campbell-Ewald* certiorari petition is

whether a Rule 68 offer moots a class claim before "class certification," not before a "motion"

for class certification.  Pet. For Writ of Cert. at *i, *Campbell-Ewald v. Gomez*, No. 14-857, 2015

WL 241891 (U.S. Jan. 16, 2015).  Moreover, Plaintiffs conspicuously fail to inform this Court of

the stay issued in *Fauley v. Royal Cain USA Inc.* No. 1:15-cv-02170 (N.D. Ill. May 22, 2015)

(Bucklo, J.).  There the Northern District of Illinois—a district court subject to *Damasco*—issued

a stay in a putative TCPA class action, even though the plaintiff there had filed a placeholder

class certification motion.  As discussed herein, the *Fauley* court reasoned that the Supreme

Court will likely address the effect of a pending motion for class certification on a Rule 68 offer.

  Plaintiffs also ask this Court to adopt (improperly) a preliminary injunction standard in

assessing the viability of a stay.  Plaintiffs continue to argue the likelihood of success on the

merits, conveniently opining that the Supreme Court is unlikely in either *Campbell-Ewald* or

*Spokeo* to adopt positions that would moot Plaintiffs' claims and/or deprive federal courts of

jurisdiction over them.  But as the Court indicated to Plaintiffs during a telephonic status

conference on June 1, 2015, that is not a relevant or appropriate standard in assessing a motion

for stay.  Moreover, in ignoring the Court's direction and focusing on the wrong standards,

Plaintiffs seek to create the impression that the Supreme Court will definitely rule their way,

---

  [2] This quirky procedure is used in the Seventh Circuit and permits a putative class
plaintiff to file a "placeholder" class certification motion along with the Complaint, and then to
serve the defendant only after the class certification motion is on file, to prevent Rule 68 offers
from mooting the class claims.

citing to circuit courts taking their position, as if there were no circuit split with respect to this issue. Once again, that is inaccurate. The Fourth, Seventh, and Eighth Circuits have all ruled (in decisions ignored by Plaintiffs) that a pending motion for class certification does not affect the validity of a Rule 68 offer to moot a plaintiff's class claims. Pet. For Writ of Cert. at *22, *Campbell-Ewald*, 2015 WL 241891.

Finally, Plaintiffs offer some conditions under which they would accept a stay. As Defendants explained to Plaintiffs during the parties' discussions, they will agree to a stay that requires Defendants to complete some outstanding discovery, especially where there are preservation issues involved. The Court should be further inclined to grant a stay should such a stipulation be reached.

## FURTHER BACKGROUND

### A.   Plaintiffs Offered to Stipulate to a Stay on Certain Terms

Defendants filed the instant Motion to Stay on May 29, 2015. On June 3, 2015, Plaintiffs' liaison counsel offered to stipulate to a stay on certain terms. While Defendants believe that a stay of the entire case is appropriate, Defendants are amenable to Plaintiffs proceeding with certain discovery to the extent that Plaintiffs can articulate a legitimate preservation issue—such as with respect to third-party discovery. The parties will notify the Court immediately in the event that such an agreement is reached.

### B.   The Supreme Court Granted Certiorari on Yet Another Petition That May Impact This Case

On Monday, June 11, 2015, the Supreme Court granted the petition for certiorari in *Tyson Foods, Inc. v. Bouaphakeo*, No. 14-1146 ("*Tyson*"), a third case that will address issues relevant to these putative class actions. *See Bouaphakeo v. Tyson Foods, Inc.*, 765 F.3d 791, 804-05 (8th Cir. 2014) (Bean, J., dissenting) (finding it inappropriate that "each purported class member,

damaged or not, will receive a pro-rata portion of the jury's one-figure verdict"), *cert. granted*, 83 U.S.L.W. 3765 (U.S. June 8, 2015).  In *Tyson*, the Supreme Court will consider "[w]hether a class action may be certified or maintained under Rule 23(b)(3) . . . when the class contains hundreds of members who were not injured and have no legal right to any damages."  Pet. For Writ of Cert. at i, *Tyson Foods, Inc. v. Bouaphakeo*, No. 14-1146 (U.S. Mar. 19, 2015), *available at* http://sblog.s3.amazonaws.com/wp-content/uploads/2015/04/.1146.pdf.  Plaintiffs' proposed method of identifying class members through call records (such as those who maintained a telephone line but did not receive the allegedly unlawful telemarketing calls) may require this Court to determine, among other Rule 23 considerations, whether unharmed individuals are included in the proposed class, which should be "a caution signal to the district court that class-wide proof of damages [is] impermissible."  *Broussard v. Meineke Discount Muffler Shops, Inc.*, 155 F.3d 331, 343 (4th Cir. 1998).  While the pendency of *Campbell-Ewald* and *Spokeo* provide plentiful justification for a stay, the forthcoming Rule 23 guidance in *Tyson* further weighs in favor of a stay.

## ARGUMENT

### I.   The Court Should Grant a Stay Consistent with Other Putative TCPA Class Actions

Plaintiffs ignore the fact that district courts across the country are granting motions to stay pending the decision in *Campbell-Ewald*, including the district courts in *Williams v. Elephant Insurance Co.*, No. 1:15-cv-00119 (E.D. Va. stayed May 27, 2015) (Ellis, J.) and *Mey v. Frontier Communications Corp.*, No. 3:13-cv-01191 (D. Conn. May 26, 2015).  Plaintiffs fail to identify a single court that has declined to do so.  On May 22, 2015, yet another district court stayed a putative TCPA class action in light of *Campbell-Ewald*.  *See* Minute Order, *Fauley*, No. 1:15-cv-02170, ECF No 23 (granting the defendants' motion to stay), attached hereto as Exhibit 1 ("*Fauley* Order"); *see also* Order, *Charvat v. Nat'l Holdings Corp.*, No. 2:14-cv-2205

4

(S.D. Ohio Jun. 5, 2015), ECF No. 34 (granting a stay in a TCPA matter after certifying to the Sixth Circuit the same questions raised in *Campbell-Ewald*).

Of particular relevance is the stay issued in *Fauley*. There, Judge Bucklo concurred with the district courts in *Williams* and *Frontier Communications*, and reasoned that:

> It is not clear that the [*Campbell-Ewald*] decision will decide whether the offer of judgment in this case renders this case moot, particularly because plaintiff in the present case filed a [*Damasco*] motion before receiving the offer of judgment. **It is possible that the Supreme Court will reach the issue, however, and I see no prejudice in holding this case in abeyance. Discovery is expensive and in my experience, it is mostly the attorneys who benefit from these cases.**

*Fauley* Order at 1 (emphasis added). This succinct order encapsulates why the three *Landis* factors—judicial economy, Defendants' hardship, and Plaintiffs' burden—weigh in favor of staying this MDL.

Furthermore, the district court in *Fauley*, sitting in the Seventh Circuit, did not hesitate to grant a stay despite a placeholder motion for class certification that purportedly insulates the class claims from Rule 68 mootness pursuant to *Damasco*. There is no such authority accepted by the Fourth Circuit. Notwithstanding this, Plaintiffs argue that their premature filing of an unsupported class certification motion—filed against the directive of this Court—somehow should insulate them from being subject to a stay while the Supreme Court decides *Campbell-Ewald*. (*See* Pls.' Opp'n at 17-18.)

### a. The Interests of Judicial Economy, Rather Than Supreme Court Prognostications, Militate in Favor of Granting a Stay

Plaintiffs argue that a stay should not be granted because one cannot know how the Supreme Court will decide. (Pls.' Opp'n at 7-8.) That uncertainty, of course, is the whole reason courts stay matters pending Supreme Court guidance. Indeed, Judge Ellis reasoned that not knowing what the Supreme Court will decide in *Campbell-Ewald*, along with the fact that the

court is bound to follow the Supreme Court's decision, weighed in favor of granting a stay.  Mot. Dismiss Hr'g Tr. at 11:3-14, 14:10-11, 15:12-15, *Williams*, No. 1:15-cv-00119-GBL-TCB (May 22, 2015), attached hereto as Exhibit 2 ("*Williams* Hr'g Tr.").  Judge Bucklo found the same.  *See Fauley* Order at 1 ("It is possible . . . .").

Despite stating that the Supreme Court's decisions cannot be predicted, Plaintiffs premise most of their judicial economy argument on prognostication and wishful thinking: "it is **highly likely** that the Supreme Court's decisions in these cases will have **no impact on this case at all**," (Pls.' Opp'n at 1 (emphasis added); *see id.* at 8 ("[T]he weight of authority favors affirming the Ninth Circuit's decisions.")).  Plaintiffs' predictions have no bearing on the propriety of a stay. Pending before the Supreme Court, however, are Article III, constitutional standing and mootness questions that affect the genesis of Plaintiffs' actions as explained in the moving papers.  These are not discretionary concerns reserved for another day, but address whether Plaintiffs' claims can be pursued.[3]

As Judge Ellis acknowledged at oral argument, Fourth Circuit precedent supports that this Court may currently be without subject matter jurisdiction, requiring dismissal of all of the individual claims of the named plaintiffs receiving offers of judgment for complete relief. (Defs.' Br. at 2 n.2); *see Bradford v. HSBC Mortg. Corp.*, 280 F.R.D. 257, 258, 263 (E.D. Va. 2012) (Ellis, J.) (dismissing as moot an individual's claim for statutory damages in the face of an unaccepted Rule 68 offer, and explaining that the court is without jurisdiction to enter judgment

---

[3] The Supreme Court notwithstanding, the Fourth Circuit's pending consideration of the mootness issue in *Klein v. Verizon Online LLC*, No. 14-1660, alone would justify a stay.  *See In re Mut. Funds Inv. Litig.*, No. 04-MD-15863, 2011 WL 1540134, at *2 (D. Md. Apr. 20, 2011) ("[A] stay would promote judicial economy by avoiding the litigation of a set of disputed issues that the Fourth Circuit is likely to soon resolve in a similar case."); *see also* Tentative Session Assignment, *Klein v. Verizon Online LLC*, No. 14-1660 (4th Cir. June 5, 2015) (ECF No. 44) (calendaring for a September argument session).

and force the plaintiff to accept the offer); *see also id.* at 264 ("'[B]y spurning the defendant's offer, [the claimant's lawyer] shot both himself and his client in the foot.'" (quoting *Greisz v. Household Bank, N.A.*, 176 F.3d 1012, 1015 (7th Cir. 1999)).). Thus, at a minimum, a stay is appropriate so that neither the Court nor the parties continue to litigate before a Court that may currently be without jurisdiction.

### b. The Hardship to Defendants of Subject-Matter Jurisdiction and Class Certification Motion Practice and Costly Discovery, While Carrying the Risk of Liability, Greatly Outweighs the Potential Prejudice to Plaintiffs of Delay

Contrary to Plaintiffs' argument that saving the cost of discovery and litigation is insufficient reason to grant Defendants a stay, (Pls.' Opp'n at 15), Judge Ellis reasoned in *Williams* that a stay would save the parties time and money, and is exactly why a stay should be granted in these sort of cases. *Williams* Hr'g Tr. at 12:1-11. Judge Bucklo similarly acknowledged the simple reality that "[d]iscovery is expensive." *Fauley* Order at 1.

Together with *Frontier Communications*, these district courts found that delay—the only "prejudice" of which Plaintiffs complain—was not sufficiently onerous to justify denying a stay and taxing the parties' time and resources. The *Frontier Communications* court's analysis is particularly instructive because, filed in 2013, that procedural lifespan is similar this MDL. *See* Scheduling Order, *Frontier Commc'ns.*, No. 3:13-cv-01191, ECF No. 103. And, expert discovery in *Williams* was set to close in September of this year. *See* Scheduling Order, *Williams*, No. 1:15-cv-00119, ECF No. 24; *see Munoz v. PHH Corp.*, No. 1:08-CV-0759, 2011 WL 4048708, at *4 (E.D. Cal. Sept. 9, 2011) (rejecting the plaintiff's argument that it was prejudiced by undue delay after several years of discovery and briefing on class certification because the stay will "reduce the additional expenditure of the parties' time and resources, which is of particular importance if the Supreme Court's decision ultimately disposes of this action").

And yet both courts, when presented with the Supreme Court's grants of certiorari, stayed those TCPA actions.

Now is the most opportune time to apply the brakes for a few months, at the end of which, there may be no case that may proceed. *See Williams* Hr'g Tr. at 11:14-16 (noting that the Supreme Court typically takes only six to eight months). Given such a possibility, it would not conform with principles of judicial economy to move forward with the extensive discovery planned to be conducted in the next few months, before the August cut-off date.[4]

To alleviate Plaintiffs' concerns about lost evidence, (*see* Pls. Opp'n at 7), the Defendants agree to comply with all preservation obligations, *see Fauley* Order at 1 (same). Defendants will continue to fulfill these obligations during any stay. In addition, Defendants will not object to Plaintiffs proceeding with third-party discovery where there is a legitimate concern about preservation. Defendants seek a stay that is neither indefinite nor excessive.

The three cases that Plaintiffs cite in support of the "routine" denial of motions for stays are inapposite. (*See* Pls.' Opp'n at 6.) In *White v. Ally Financial, Inc.*, 969 F. Supp. 2d 451 (S.D. W. Va. 2013), the district court denied a stay, finding that the Supreme Court case, on which the motion was based, bore little relation to the case before it, and that the stay would save little expense as discovery was to conclude in roughly two weeks. *Id.* at 462. The motion before this Court is on entirely different footing. The other two cases provide no precedential support for Plaintiffs' arguments as the district courts did not consider or explain the governing *Landis* factors. *See* Order, *Dreher v. Experian Info Solutions, Inc.*, No. 3:11-cv-00624 (E.D. Va. Apr. 30, 2015), ECF No. 344. (writing "denied" on the defendant's motion); *Speer v. Whole Foods*

---

[4] In addition to the many outstanding discovery issues Plaintiffs itemized, (*see* Opp'n at 19), dozens of fact and expert depositions around the country are planned, along with third-party discovery, (*id.* at 16-18), and attendant discovery disputes, including "several . . . motions to compel" plaintiffs indicated an intent to file, (*id.* at 17).

*Mkt. Grp. Inc.*, No. 8:14-cv-3035, 2015 WL 2061665, at *1 (M.D. Fla. Apr. 29, 2015) (basing its

decision purely on Eleventh Circuit precedent related to motions to stay criminal executions).

In sum, all of the *Landis* factors weigh heavily in favor of a stay.

## II.     Plaintiffs Concede That Their Placeholder Class Certification Motion Is a Procedural Nullity

Plaintiffs' placeholder motion for class certification, to defy settlement pursuant to

Rule 68, may find support in the Seventh Circuit, but it rebukes motion practice and sound class-

action policy in this and other circuits.  It sabotages the "plain purpose of Rule 68 . . . to

encourage settlement and avoid litigation."  *Marek v. Chesny*, 473 U.S. 1, 5 (1985), *cited with*

*approval in Warren v. Sessoms & Rogers, P.A.*, 676 F.3d 365, 370 (4th Cir. 2012).  Besides, as

the respondent in *Campbell-Ewald* concedes, the issue before the Supreme Court does not turn

on the timing of a motion for class certification, but on the timing of class certification itself.

Resp't's Opp'n at *19-*20, *Campbell-Ewald v. Gomez*, No. 14-857, 2015 WL 1346465 (U.S.

Mar. 23, 2015); *see* Pet. For Writ of Cert. at *i, 2015 WL 241891; (*cf.* Pls. Opp'n at 5 ("Plaintiffs

filed the motion in an abundance of caution to protect their rights in case the Supreme Court

adopts the Seventh Circuit approach in *Damasco*.")).

Furthermore, as named plaintiff Mey well knows:  "Courts have held that the court need

not hold in abeyance a class certification motion which the plaintiff intentionally filed

prematurely.  Courts typically dismiss premature motions." *Mey v. N. Am. Bancard, LLC*,

No. 14-CV-11331, 2014 U.S. Dist. LEXIS 165453, at *4-*5 (E.D. Mich. Nov. 26, 2014).

Indeed, courts in two TCPA cases have denied premature motions for class certification to

prevent mootness by a Rule 68 offer.  *Jay Clogg Realty Grp., Inc. v. Burger King Corp.*, 298

F.R.D. 304, 310 (D. Md. 2014); *Haight v. Bluestem Brands, Inc.*, 6:13-CV-1400, 2013 WL

8350200, at *1-*2 (M.D. Fla. Sept. 26, 2013).  The Court should likewise not permit Plaintiffs

9

the occasion to file in September a "supplemental class certification memorandum." (Pls. Opp'n at 18.) The procedural lifeline that Plaintiffs seek (which is essentially a request to stay briefing in opposition to a motion to stay) demands cost- and resource-intensive discovery in support, as previously discussed.

Finally, if Plaintiffs' stop-gap motion for class certification does not go unheeded, there should be a consequence for their moving in disregard of the Court's scheduling order. The Court should take Plaintiffs at their word in seeking class certification now. Whether pursuant to the Federal Rules, the Local Rules, or this Court's inherent case management authority, Plaintiffs should proceed with their motion. Contrary to their assertion that "they had no choice," (*id.* at 18), Plaintiffs should have obtained the Court's permission, (*see* Mot. Hr'g/Sched. Conf. Tr. 92:13-16 (June 5, 2014) ("[N]o motion practice until what's scheduled. If you want to schedule something else I need to know about it and tell you it's okay.")). Plaintiffs cite to no legal authority for their desire "to file a supplemental class certification memorandum," tied to the Court's original deadlines. (Pls.' Opp'n at 18.) Plaintiffs attempt to unilaterally rewrite the Court's scheduling order, to the detriment of the Court's case management and Defendants' desire to resolve these matters, should not be tolerated. Plaintiffs' motion is an unveiled effort to short circuit the settlement encouraged by Rule 68. Defendants submit that the Court should not elevate form over substance; otherwise, the Court should allow the parties to be heard on the merits of Plaintiffs' motion.

### III.   Plaintiffs Will Agree to a Stay

The Court should also grant the motion to stay in light of the parties' anticipated stipulation. Courts will grant a stay that they would otherwise be reluctant to approve when the parties have agreed that a stay is appropriate, especially when issues of judicial economy are implicated as they are in this case. *See, e.g.*, *Guy v. Hartford Life Grp. Ins. Co.*, No. C 11-3453

SI, 2011 WL 5525965, at *3 (N.D. Cal. Nov. 14, 2011) (denying the plaintiff's motion to mediate prior to transfer, but offering to grant a stay in order to allow for such mediation if both parties stipulated to it).  Recently, the district court in the Eastern District of California acknowledged the wisdom of such an action when it stayed a case pending the decision in *Spokeo* in light of the parties' stipulation to the stay.  Order, *Syed v. M-I LLC*, No1:14-CV-00742 (E.D. Cal. May 29, 2015), ECF No. 69.

If the parties are unable to submit an agreed upon stipulation to a stay before the Court's decision on June 19, 2015, then Defendants maintain that the matter should be stayed in its entirety.

## CONCLUSION

For the foregoing reasons, and those stated in Defendants' opening memorandum, this matter should be stayed pending the Supreme Court's decisions in *Campbell-Ewald* and in *Spokeo*.

June 12, 2015

Respectfully submitted,

 /s/ Jeffrey A. Holmstrand                                 
Jeffrey A. Holmstrand
Flaherty Sensabaugh Bonasso, PLLC
PO Box 6545
Wheeling, WV 26003
304-230-6600
304-230-6610 (Fax)

*Defense Liaison Counsel and Counsel for*
*Defendant Monitronics International, Inc.*

John R. Teare , Jr.
Spilman Thomas & Battle PLLC
300 Kanawha Blvd E
P. O. Box 273
Charleston, WV 25321-0273
304-340-3800
304-340-3801 (Fax)

*Counsel for Defendant Alliance Security, Inc.*

Jeffrey L. Poston (admitted *pro hac vice*)
Rebecca B. Chaney (admitted *pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 624-2500
(202) 628-5116 (Fax)

Gordon H. Copland
STEPTOE & JOHNSON PLLC
400 White Oaks Blvd.
Bridgeport, WV 26330
(304) 933-8162
(304) 933-8183 (Fax)

*Counsel for Defendant UTC Fire and Security
Americas Corporation, Inc.*

Lauri A. Mazzuchetti
KELLEY DRYE & WARREN LLP
One Jefferson Road, 2nd Floor
Parsippany, NJ 07054
(973) 503-5900
(973) 503-5950 (Fax)

*Counsel for Defendant Honeywell
International, Inc.*

Robert B. Newkirk , III
Newkirk Law Office, P.A.
P.O. Box 2536
19810 W. Catawba Avenue
Cornelius, NC 28031
(704) 892-5898
(704) 892-5633 (Fax)

*Counsel for ISI Alarms NC, Inc.*

## CERTIFICATE OF SERVICE

I, Jeffrey A. Holmstrand, hereby certify that on June 12, 2015, I filed the foregoing Reply In Further Support Of Defendants' Joint Motion To Stay Or, In The Alternative, To Address Plaintiffs' Motion For Class Certification Based On The Current Record with the Clerk of the Court using the ECF system, which will send notification of such filing to counsel of record registered to receive electronic service.


  /s/ Jeffrey A. Holmstrand
Jeffrey A. Holmstrand